UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEXAR HOMES, INC., fka HiLINE HOMES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JON PORT and MELISSA PORT, husband and wife, and the marital community, and A HOME DOCTOR, INC., a Washington corporation, dba REAL HOMES, <br><br> Defendants. | NO. CV-12-416-JLQ <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING MOTION TO EXPEDITE** |

**BEFORE THE COURT** is Plaintiff's Motion for Temporary Restraining Order (ECF No. 15) and Motion to Expedite (ECF No. 19), both filed just after 6:00 a.m. on *September 20, 2012* and noted for this day, *September 20, 2012*, without oral argument, all in violation of Local Rule 7.1.

The Complaint in this matter alleges the Defendants' house plans violate Plaintiff's copyright for its architectural drawings. Plaintiff's Motion for Temporary Restraining Order asks the court to restrain the Defendant from holding an "open house" event from today, September 20, 2012 through September 23, 2012, for a model house allegedly built based upon an infringing house plan. Plaintiffs contend the Defendants "*appear to be* making preparations to hold" an open house, to coincide with the Wenatchee Tour of Homes (in which Plaintiffs are participating) occurring during this time frame. ECF No. 15. Counsel delayed filing the present Motion for reasons unknown to the court, despite having called the court on *Monday*, *September 17, 2012* inquiring regarding a possible

ORDER - 1

hearing date. Under Rule 65(b) a request for temporary restraining order will only be granted without written or oral notice to the adverse party or its attorneys if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition ..." Plaintiff's delay in filing prevents Defendants the opportunity to be heard in opposition and secondly, does not set forth facts justifying such emergency relief.

Specifically, the Motion seeks a TRO, yet the Memorandum fails to cite, mention, or analyze the applicable Federal Rule (Fed.R.Civ.P. 65(b)) and accompanying standards governing such requests for extraordinary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Upon review, the Motion wholly fails to meet these standards. Plaintiff has failed to demonstrate any likelihood of success on the merits, to show that the balance of equities tips in its favor, or that the TRO is in the public interest. Finally, "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent –A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Plaintiff's claims do not warrant *emergency injunctive relief*.

ACCORDINGLY, IT IS HEREBY ORDERED: Defendant's Motion to Expedite (ECF No. 19) is **GRANTED** and Motion for Temporary Restraining Order (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 20th day of September, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
