UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEXAR HOMES, LLC, fka HiLINE HOMES, LLC[1], <br><br> Plaintiff, <br><br> v. <br><br> JON PORT and MELISSA PORT, husband and wife, and the marital community, and A HOME DOCTOR, INC., a Washington corporation, dba REAL HOMES, <br><br> Defendants. | NO.  CV-12-0416-JLQ <br><br> ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DIRECTING ENTRY OF JUDGMENT AND CLOSING OF FILE |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 31), which is opposed by Plaintiff.  For the reasons below, the court grants the Motion and dismisses Plaintiff's claims in the Complaint.

**I.    PROCEDURAL HISTORY**

On June 22, 2012, Plaintiff, Lexar Homes ("Lexar") filed a Complaint which alleges that: 1) Defendant Jon Port obtained Lexar copyrighted drawings,

---

[1] Plaintiff's Complaint named the Plaintiff as "Lexar Homes, Inc, fka HiLine Homes, Inc." Since the case was filed, Plaintiff's documents, without approval, have changed the caption to "Lexar Homes, LLC...f/k/a HiLine Homes, Inc."  The record contains name change documents indicating that Lexar Homes, LLC was formerly HiLine Homes, LLC. (ECF No. 40, Ex. 3). Both HiLine Homes,LLC and a HiLine Homes, Inc have existed (ECF No. 40, Ex. 3)(2006 "Assignment of Copyrights" between   HiLine Homes, Inc and HiLine Homes, LLC).The court has amended the caption of the case in order to accurately state the true name of the Plaintiff.

ORDER - 1

plans and customer information by visiting the office of Lexar Homes and/or requesting confidential information from employees and customers of Lexar Homes; 2) Port asked a third party architect to copy Lexar's copyrighted drawings; and 3) "the architect did copy drawings of Lexar Homes' plans that are virtually identical to Lexar Homes' copyrighted architectural drawings except for minor changes." (ECF No. 1). The Complaint asserts claims for copyright infringement, "conversions," misappropriation of trade secrets, and intentional interference with business relations. (ECF No. 1).

On September 20, 2012 Plaintiff moved for Temporary Restraining Order (ECF No. 15) to restrain Defendants from holding an open house that same day. The court denied the Motion. (ECF No. 22). On May 9, 2013, Defendants moved for Summary Judgment asking the court to dismiss all the claims. Plaintiff's Response addresses only the federal copyright infringement claim.

## II.    FACTS

### A.    Parties

Plaintiff Lexar Homes, LLC ("Lexar") is a homebuilder which prior to October 27, 2010 operated as HiLine Homes, LLC ("HiLine"). HiLine opened a franchise in Wenatchee, Washington in either 2008 or 2009, across the street from the Defendant's office. (ECF No. 40, Ex. 3 [Interrogatorories] at 2). Defendant Jon Port is a competitor of Plaintiff, doing business as Real Homes in Wenatchee, Washington since 2001. Real Homes markets and builds single family homes in North Central Washington State. Prior to 2011, Port was a shareholder of Defendant A Home Doctor, Inc.

### B. "Plan 2248"

William Sundby, dba HiLine Homes received Certificates of Registration from the United States Copyright Office, both effective November 17, 2009, for two "architectural work" copyrights at the center of this dispute titled "Plan 2248" (Reg. No. VA 1-704-952) and "Plan 2576" (Reg. No. VA 1-704-955). (ECF No.

ORDER - 2

40, Ex. 3). Though requested in discovery by Defendants, copies of the plans that were submitted to the U.S. Copyright Office at the time of application for registration could not be located by Plaintiff.  (ECF No. 29, Ex. 5).

The Complaint alleges that Defendants infringed the copyright for Plan 2248.  Although the Complaint contains no description nor mention of Plan 2576 (and there is no "Exhibit A" attached to the Complaint as referenced in ¶ 2.3), the Plaintiff's Motion for Temporary Restraining Order alleged that Plan 2576 was "identical" to Plan 2248, "other than the area used for the third garage bay in Plan 2248 is used as a family room in Plan 2576." (ECF No. 17 at 2).

Lexar claims to possess HiLine Home's former undivided one-half interest "in any and all rights"in Plan 2248 and Plan 2576,[2] and claims its "Lexar Plan 2248" is the subject of the copyright protected home plan obtained by HiLine.

Lexar has a model home allegedly based upon the Plan 2248 at 136 Sun Valley Drive, in Wenatchee.

Lexar has posted plans for Lexar Plan 2248 and Lexar Plan 2576 online.

**C. The "Amy Rose" Plan**

Defendants have filed the Declaration of Defendant Jon Port who states that in 2003 he developed a new home design and "had [the] design drawn up" for a 2171 square foot home "based on a manufactured home 'triple wide' design with which [he] was very familiar from [his] days selling manufactured homes." (ECF No. 28).  According to Port, after the design was completed, he named the floor plan the "Amy Rose" after his sister, Amy Grams. Other designs he has are also named after family members and friends.

Port has not identified whom he had draft the plan, nor disclosed any

---

[2] According to the document attached to the Declaration of Kevin Bromily HiLine Homes, LLC transferred the other half interest in an assignment to HLSub, LLC on October 20, 2010 pursuant to an Assignment and Assumption Agreement. (ECF No. 40, Ex. 3). HLSub, LLC is not a named Plaintiff.

ORDER - 3

electronic stored information (ESI) or business records regarding the creation of the design such as a purchase order, invoice, or correspondence with a house designer. He claims, that despite his best efforts, he cannot locate any such information. According to Port, the independent house designers he has used to create his house plans are Al Pratt, Ryan Kelso, and Jerry Mulhall. Port testified at his deposition that he inquired with Pratt and Kelso, and neither discovered evidence of the creation of the Amy Rose design. The Declaration of Ryan Kelso is consistent with Port's in that he states he searched and did not find the Amy Rose and also does not recall creating it. (ECF No. 29, Ex. 6). Port testified he did not even inquire with Mulhall, as he it is his belief he did not start using Mulhall as a designer until the 2005-2006 timeframe, which he contends was after he created the Amy Rose design. (ECF No. 40, Ex. 1).

The documentary evidence Defendants have come forward with to show Defendants had the Amy Rose design prior to the 2009 copyright of Plan 2248, are a birthday card and a flyer. Port's Declaration states that he recalls presenting his sister a birthday card with a printed copy of the Amy Rose design on it at a family gathering to celebrate her 40th birthday in the summer of 2004. (ECF No. 28, ¶ 7). A copy of the birthday card, signed by Port and his wife, is attached to Port's Declaration. Amy Gram's Declaration states she saved the document Port gave to her in the summer of 2004 and provided the original to Port's attorneys for this lawsuit. Port also claims that in 2004 and 2005, Real Homes printed flyers and brochures to show potential customers the "Amy Rose" design. Attached to his Declaration is a copy of one of the flyers advertising the "Amy Rose" design and containing 2004 and 2005 deadlines for deposits and construction.

Although Defendant Real Homes has developed numerous designs for single family homes, not all of those designs are built immediately. In 2011, approximately eight years after he claims he created the design, Real Homes built a model home using the Amy Rose design at 51 Sun Valley Drive in Wenatchee,

Washington. The 2011 blueprints were drawn by Jerry Mulhall and describe the design as "Rose."

**D.    Comparisons**

In late 2011 or early 2012, Jason Nieman was researching home designs and comparing Lexar and Real Homes' designs. After touring Real Home's model home, Nieman, notified Port of the similarity between the model home and Lexar's Plan 2576. Defendants concede "the Lexar Plans have similar characteristics as the Amy Rose plan." (ECF No. 31 at 2). Defendants' Declaration of designer Ryan Kelso states similarities in house plans are common as "there is only so much you can do with a box." (ECF No. 29, Ex. 6).

The parties each provide their own lay evidence as to the similarities and differences between Plan 2248 and the Amy Rose. Port notes 24 differences. (ECF No. 38, para. 11). Plaintiff has come forward with the Affidavit of Lexar's owner, Rob Eldred, who in his side-by-side comparison noted 31 similarities. (ECF No. 42, Ex. 3).

**III.    STANDARD OF REVIEW**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine issue" of material fact will be absent if, "viewing the evidence and inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977); *see also Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001). The evidence presented by the parties must be admissible. Fed.R.Civ.P. 56(e). Conclusory and speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738

(9th Cir. 1979).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On issues where the nonmoving party will have the burden of proof at trial, the moving party may meet its burden by showing that there is an "absence of evidence" to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. The nonmoving party then must designate specific facts showing that there is a genuine issue for trial. *See id.* at 324. The party opposing summary judgment must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmovant's showing of "some metaphysical doubt" as to material facts insufficient); *see also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir.1994).

**IV.   DISCUSSION**

**A.   Copyright Infringement**

Copyright laws only prohibit actual copying.  A copyright infringement claim has two elements: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991).  The ultimate burden of persuasion on these two elements rests with the Plaintiff.

In the case at hand, Defendants challenge Plaintiff's ability to make out a

prima facie case.  Primarily, Defendants deny copying Plaintiff's design and assert the Amy Rose design was independently created.  Defendants also assert a chain-of-title type challenge contending that Plaintiff cannot establish its "Lexar Plan 2248" is the same plan which is the subject of the 2009 copyright registration for "Plan 2248" assigned to Plaintiff by HiLine Homes LLC.  Where a defendant denies an element of the case, the burden of production shifts to the defendant to support its denial by a preponderance of the evidence.  *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 723 (9th Cir. 1976).

A work is considered "copied" under the Copyright Act when it is "so overwhelmingly identical that the possibility of independent creation is precluded." *Twentieth Century Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1237, 1330 (9th Cir. 1983). Typically, there will be no direct evidence that an infringement defendant copied the plaintiffs work. A plaintiff may instead create a presumption of copying "by showing that the infringer had access to the work and that the two works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990) (*citing Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989)).  By establishing reasonable access and substantial similarity, the burden of production then shifts to the defendant to rebut that presumption through proof of independent creation. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000) *(citing Granite Music Corp. v. United Artists Corp*., 532 F.2d 718, 721 (9th Cir. 1976)).

Defendants seek summary adjudication based upon the unrebutted sworn declarations of Jon Port and his sister, corroborated by documentary proof in a birthday card and a flyer. This evidence shows the allegedly infringing pattern was in Defendants' possession years prior to the 2009 date Plan 2248 was authored and copyrighted.  Plaintiff's Summary Judgment Response does not discuss the elements of its prima facie case.  Instead it relies *solely* upon "numerous similarities" it identified between the two plans to defeat Defendants' motion.

ORDER - 7

Plaintiff has presented no evidence, expert or otherwise, tending to show that the allegedly infringing pattern could only have been derived from copyrighted Plan 2248.  Yet Plaintiff opines that *Defendants'* evidence is too weak because they didn't identify the creation date or drafter of the plan, and therefore it is "not sufficient...to prevail" either on summary judgment or at trial.  (ECF No. 41at 3).

Though the lack of an electronic paper trail might raises legitimate questions concerning conduct in discovery, now over, a respondent to a motion for summary judgment may not defeat the motion by solely speculating that the movant's evidence may not be credible. Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a [trier of fact] may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

If an accused work was created independently, it does not infringe a copyrighted work, no matter how great the similarity between the two. Accordingly, Plaintiff's evidence of "numerous similarities" to their product alone cannot lead to a finding of copying, without evidence of access to its copyrighted plan prior to the Amy Rose's creation.  "[T]he originality necessary to support a copyright merely calls for independent creation, not novelty.... The protection is thus against copying-not against any possible infringement caused when an independently created work coincidentally duplicates copyrighted material." *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109-10 (9th Cir.1970); *see also Selle v. Gibb*, 741 F.2d 896 (7th Cir.1984) (stating that "two works may be identical in every detail, but, if the alleged infringer created the accused work independently or both works were copied from a common source in the public domain, then there is no infringement").

ORDER - 8

Under the circumstances presented here, the court finds Defendants' unrefuted sworn testimony corroborated by documentary evidence that the Amy Rose was in Defendants' possession years (2004-2005) prior to the creation of the 2009 copyrighted plan, is sufficient to support summary judgment. *See, e.g., McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 64–65 (5th Cir.1994) (finding in copyright case that the defendants could not have infringed the plaintiff's copyright because writer of allegedly infringing script had completed his work prior to the defendant's receipt of the plaintiff's work). Such prior creation "renders any conclusion of access or inference of copying illogical." *Grubb v. KMS Patriots, L.P.,* 88 F.3d 1 (1st Cir. 1996). The essential element of copying is not established. Because Plaintiff bears the burden of proof, Defendants have satisfied their burden under Rule 56 by showing "that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**B.   State Law Claims**

Defendants' Motion for Summary Judgment also seek dismissal of Plaintiff's state law claims for conversion, misappropriation of trade secrets, and intentional interference with a business expectancy. A district court may, at its discretion, decline to exercise supplemental jurisdiction over remaining state law claims where it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). However, as Plaintiff does not contest the dismissal of these claims, the interests of economy suggest it would be prudent for the court to proceed to rule on these claims.

Plaintiff's conversion and trade secret claims, to the extent they are based upon rights associated with the copyrighted architectural plans, are preempted by the Copyright Act. See 17 U.S.C. § 301. Plaintiff has failed to present any evidence of the alleged receipt or use of customer contact information or interference of a business relationship or expectancy. Accordingly, Defendants'

ORDER - 9

Motion for Summary Judgment as to Plaintiff's remaining claims shall be granted.

## V.   CONCLUSION

For these reasons described above, Defendants' Motion for Summary Judgment (ECF No. 31) is **GRANTED**. ACCORDINGLY, the District Court Executive is directed to file this Order, enter JUDGMENT dismissing the Complaint (ECF No. 1) and the claims therein with prejudice, provide copies to counsel, and CLOSE THE FILE.

All pretrial and trial dates are stricken.

DATED this 21st day of June, 2013.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE