UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEXAR HOMES, LLC, fka HiLINE HOMES, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>JON PORT and MELISSA PORT, Husband and Wife, et al,<br><br>    Defendants. | No. CV-12-0416-JLQ<br><br>MEMORANDUM OPINION and ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT |

  Before the court is the Plaintiff's Motion To Alter Or Amend (ECF No. 61) the court's Order Granting Defendants' Motion For Summary Judgment (ECF No. 50). The Plaintiff seeks to have the court consider new Declarations that it did not submit to the court prior to the court's consideration of the Summary Judgment Motion and its ruling adverse to the Plaintiff.

## I. BACKGROUND

  The Plaintiff corporation filed this action on June 22, 2012 against its home building competitor in Wenatchee, Washington, the Ports, alleging violation of Plaintiff's copyrighted Home Plan 2248. The Ports answered and denied the allegations in the Complaint.

  On August 23, 2012, the court held a telephonic scheduling conference with counsel for the parties and informed counsel of its proposed pre-trial and trial dates., including the scheduling of a bench trial for July 8, 2013. No objections to any of the dates were stated. On August 27, 2012, the court entered its Scheduling Order (ECF 14). That Order included the requirement of the Plaintiff filing its final list of trial witnesses

ORDER - 1

on or before February 1, 2013 with a discovery cut-off date of May 20, 2012, and a bench trial date of July 8, 2013. The Plaintiff did not file its List of Trial Witnesses by the cut-off date of February 1, 2013. In fact, the Plaintiff did not file that List until May 20, 2013 and then only after a motion had been filed by the Defendants to exclude Plaintiff's witnesses. That belated filing did not adversely affect the court's treatment of Plaintiff's summary judgment filings, although it is further evidence of the dilatory nature of the Plaintiff's actions in this matter.

## II. APPLICABLE LEGAL STANDARDS

The applicable Rule concerning post-judgment motions is Fed. R. Civ. P. 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the Rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000).

In the Ninth Circuit, the rule prohibiting post-judgment affidavits, absent specific circumstances, in a summary judgment proceeding has been long-established. In 1963, the court, in *Engelhard Industries, Inc. v. Research Instrumental Corporation*, 324 F. 2d 347, stated at page 352:

> The difficulty with this argument is that these affidavits were not filed at or before the time fixed for the hearing on the motion for summary judgment, as required by Fed. R. Civ. P. 56(c). They were tendered after that matter had been decided, with Engelhard's petition for rehearing, and they were rejected. . . . Engelhard was obliged to show not only that his evidence was newly discovered or unknown to it, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.

324 F.2d at 352(9th Cir. 1963)(Emphasis supplied). The *Englehard* rule has been endorsed consistently by the Ninth Circuit Court of Appeals to the end that final judgments and the court resources devoted thereto be, in fact, final and not subject to reopening at the behest of the losing party. See *Frederick S. Wyle Professional Corp. v. Texaco*, 764 F. 2d 604, 609 (9th Cir. 1985). *Barber v. Hawaii,* 42 F. 3d 1185, 1198 (9th. Cir 1994). At page 608 of *Wyle*, the court further stated with regard to F. R. Civ. P. 59,

ORDER - 2

a motion to amend a judgment, "that denial of such a motion may not be reversed absent a manifest abuse of discretion."

### III.  THE SUMMARY JUDGMENT PROCEEDINGS

On May 9, 2013, Defendants moved for summary judgment denying having copied the copyrighted plans and providing evidence that the Amy Rose plan was independently created years before the 2009 date of first publication of Plaintiff's alleged copyrighted plans.  Defendants' evidence of independent creation was not rebutted by Plaintiff.  Plaintiff argued in its summary judgment response that Defendants' evidence was "weak," yet presented no evidence of its own "expert or otherwise, tending to show that the allegedly infringing pattern could only have been derived from copyrighted Plan 2248." (ECF No. 50 at 8).  Plaintiff's Memorandum in Response to Defendants' Motion for Summary Judgment was seven pages long; three of the seven pages consisted of a numbered list of alleged similarities between the two plans at issue.  It cited a single case and at no time did Plaintiff request additional time for discovery.  As Defendants satisfied their burden of demonstrating an absence of evidence to support the element of copying, the court granted Defendants' Motion for Summary Judgment.

With the discovery period long over and the court's adverse summary judgment order in hand, Plaintiff's owners then scrambled about to create and acquire new evidence.  Bob Hollis, one of Plaintiff's owners, upon review the court's decision,"spoke with his business partners about what to do next, and called a number of our witnesses to give them an update about the case and to see if there was any othe[r] information that might be of use." (ECF No. 62 at ¶ 2).  It is unknown to the court whether Mr. Hollis was acting upon the advice of counsel or not.

Mr. Hollis called Andrea Lutes, a former employee of Mr. Port and one of nine individuals named in Plaintiff's August 30, 2012 Initial Disclosures (ECF No. 72) as having discoverable information.  Mr. Hollis informed Ms. Lutes of the court's

ORDER - 3

summary judgment ruling. "[S]urprised at this result," Ms. Lutes informed Mr. Hollis of two potential witnesses stating "that Lee Hildebrand and Bob Garlock likely have information relevant to the house plans at issue in this lawsuit." (ECF No. 63 at 2). Mr. Hollis then contacted Ms. Hildebrand "to find out what she knows about the house plans" and "about Mr. Port's business practices." (ECF No. 65). Ms. Hildebrand identified a *third* potential witness: Steve Kelley. Mr. Hollis then contacted Mr. Kelley. Meanwhile, Plaintiff's owner Rob Eldred, contacted Bob Garlock "to find out what he knows regarding the house plans at issue..."

Based upon these post-judgment interviews conducted by Plaintiff's owners, Plaintiff now proposes the court consider the newly created affidavits of Ms. Lutes, Mr. Garlock, Ms. Hildebrand, and Mr. Kelley. Lutes, Hildebrand and Kelley are all former employees of Mr. Port, whom Mr. Port claims were terminated from his employment "for nonperformance of their job duties." (ECF No. 71 at 2).

Plaintiff's counsel's declaration filed in support of the Motion to Amend Judgment states that prior to filing suit "[m]y clients and I interviewed all the individuals we knew to have relevant knowledge, including Andrea Lutes." (ECF No. 67 at ¶ 3). However*, prior to filing suit, it does not appear Ms. Lutes was interviewed by counsel* as Ms. Lutes' declaration only mentions having talked in 2012 with Rob Eldred, one of Plaintiff's owners. *There is also no mention in Lutes' declaration of any follow up interview conducted during the discovery period*, even though Defendants propounded an interrogatory upon Plaintiffs requesting it "state all facts that Andrea Lutes knows regarding the subject matter of this lawsuit..includ[ing]...all information that Andrea Lutes knows about the houses built by Plaintiff and Mr. Port as pertains to the subject matter of this lawsuit." On December 19, 2012, Plaintiff provided the following unelaborated response: "Ms. Lutes is a real estate agent who used to work for Mr. Port and who has knowledge regarding houses built by both Defendant and Lexar." (ECF No. 72, Ex. 2). *Lutes states in her declaration that a*

ORDER - 4

*declaration on her behalf "was not prepared in time to be submitted in response to the motion for summary judgment."* (ECF No. 63).

Ms. Lutes now asserts she has "information relevant to the house plans at issue," which she would reveal if she testified at a trial. (ECF No. 63 at 2). Plaintiff has yet to supply this "relevant information" to the Defendants or the court.

Mr. Kelley, was a real estate agent employed by Mr. Port for four months in *2004*. Mr. Kelley generally declares that while working for Mr. Port he became aware that Mr. Port had a practice of "obtaining as much detail as possible about the house plans...competitors were building" and he utilized draftsman Jerry Mulhall who "was modifying other builder's house plans." (ECF No. 66 at 2).

Ms. Hildebrand was a licensed real estate agent who worked for Mr. Port in 2009. She declares that she was provided Plaintiff's floor plans, which she believes included the copyrighted plans, and provided them to Mr. Port. She surmises that "[i]t would not surprise [her] if Mr. Port copied the floor plans...as he made a practice of using other builders' plans." (ECF No. 65 at 2).

Mr. Garlock is the owner of the Sun Valley Estates Development which he states includes "a number of" of homes built by Plaintiff, including the model home based upon Plan 2248, and the home built by the Defendants at 51 Sun Valley Drive. Mr. Garlock claims to recall the following specific conversation after having walked through Mr. Port's model home:

    Garlock: "This looks just like one of the house plans that Lexar builds."
    Port: "It is."
    Garlock: "Who had the plan first?"
    Port: "They did."

(ECF No. 64 at 2). Mr. Port denies this conversation took place and states that he once reported Garlock to the police for removing his advertising.

## IV. DISCUSSION

Plaintiff moves pursuant to Fed.R.Civ.P 59(e) for an amended judgment alleging it has discovered new evidence. A motion based upon newly discovered

ORDER - 5

evidence requires that the moving party show: 1) that the evidence was discovered after the judgment; 2) that the evidence could not be discovered earlier through "exercise of due diligence," and 3) that the newly discovered evidence is "of such magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003) (citing *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992-93 (9th Cir. 2001)); *see also Graves v. Johnson Control World Services, Inc.*, No. C-05-1772 SC, 2006 WL 1308056 at *2 (N.D. Cal. May 11 2006). Plaintiff's allege the "new" evidence was discovered after the judgment, although reasonable and diligent preparation for their copyright claim would certainly have disclosed it prior to the summary judgment process.

    In this instance, despite having been given ample time and opportunity to investigate the matters, Plaintiff did not investigate obvious leads already in its possession prior to the initiation of the lawsuit, nor take advantage of opportunities to obtain discovery during the time period allowed prior to the summary judgment proceedings.  Plaintiff knew that former employees, like Ms. Lutes, could have relevant information, yet Plaintiff apparently did not seek to discover the names of Mr. Port's former employees.  This case was prompted by a similar-looking model home built by the Defendant in the same development as Plaintiff, yet no one apparently thought of the owner of the development as a potential witness.   It is *Plaintiff's counsel's* duty to expend the effort to ensure "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3).  Rule 59 was not intended to relieve counsel or litigants from the consequence of what appears to be a conscious decision not to investigate the case thoroughly, "however unwise the decision may be in retrospect." *Parrilla-Lopez v. U.S.*, 841 F.2d 16 (1st Cir. 1988). A litigant is bound by its and counsel's choice of

ORDER – 6

litigation procedures and tactical decisions.  The court concludes each of the declarants could have been discovered through reasonable diligence. Accordingly, the Plaintiff has not carried its burden under Rule 59.

Though it is unnecessary to analyze the third element, neither Lutes, Hildebrand, or Kelley's declarations would have altered the court's judgment. Moreover, the value of scheduling orders, summary judgment and finality in litigation would be eviscerated if losing parties were allowed, after the entry of judgment, to initiate and present to the court a more diligent factual and legal investigation.

Copyright infringement claims are "costly[,] time consuming[,]... cumbersome and expensive." *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 782 (8th Cir.2005) (Murphy, J., dissenting).  These cases often demand substantial work to develop the facts needed to prove the claim. Contrary to popular belief, cases are not won because of the obvious brilliance of the trial attorney nor by his oratorical abilities.  It is the attorney who has doggedly done his homework, who knows his case, who has diligently prepared his evidence, and who has researched the law, that ordinarily wins.

## V. CONCLUSION

For the reasons described above, Plaintiff's Motion to Alter or Amend the Order on Summary Judgment (ECF No. 50) is **DENIED**.  Plaintiff is granted leave to file a belated response to Defendants' Motion for Attorney Fees and Costs by no later than **September 16, 2013.**  Any Reply shall be filed no later than **September 23, 2013**. The Clerk is directed to file this Order and provide copies to counsel

DATED this 4th day of September, 2013.

                s/ Justin L. Quackenbush
            JUSTIN L. QUACKENBUSH
    SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7